IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VIACHESLAV "SLAVA" TARASOV,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS**<br><br>No. 2:25-cv-00616-RJS-DAO<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

This case arises out of Defendant Amazon.com Services LLC's termination of Plaintiff Viacheslav Tarasov.[1] Pending before the court is Amazon's Motion to Dismiss.[2] For the reasons explained below, the Motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND[3]

Tarasov worked for Amazon in its Utah warehouse from around 2018 to April 2024.[4] During his employment, Tarasov maintained a clean employment record with no safety

---

[1] Dkt. 1, *Complaint.*

[2] Dkt. 30, *Defendant's Motion to Dismiss Plaintiff's Complaint* (*Motion*).

[3] The following facts are drawn from the Complaint and the Charge. *See Complaint*; Dkt. 20-2, *EEOC Charge 540-2024-04357* (*Charge*). A "district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Desert Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *see also White v. Lucero*, 135 F.4th 1213, 1219 (10th Cir. 2025) ("[C]ourts can consider a document central to the plaintiff's claim and referred to in the complaint in resolving a motion to dismiss, at least where the document's authenticity is not in dispute. Indeed, courts can even take judicial notice of documents sua sponte as long as the documents have a direct relation to matters at issue." (citation modified)). Here, the Complaint refers to the Charge. *Complaint* ¶¶ 11–13. The Charge is central to the claims because the relevant statutes require Tarasov to file a charge with the EEOC before bringing suit. *See* 42 U.S.C. § 2000e-5(e)(1). And the parties do not dispute the Charge's authenticity. *See Motion* at 4; Dkt. 22, *Plaintiff's Opposition to Defendant's Motion to Dismiss* (*Opposition*) at 9. Accordingly, the court considers the Charge in deciding the Motion.

[4] *Complaint* ¶¶ 13, 17.

violations or disciplinary infractions.[5] Towards the end of his tenure, Tarasov received two safety violations. First, on August 9, 2023, Tarasov received a warning for responding to a paint spill by turning off a conveyor belt and removing unaffected packages to prevent product loss and contamination.[6] At the time, there were no safety warnings posted in the tray area prohibiting entry, and Tarasov did not cause the spill.[7] Second, on March 31, 2024, Tarasov violated safety protocols by speeding in the company parking lot.[8] Other employees exited the lot in a similar manner.[9] Amazon's parking had a longstanding congestion issue, and it lacked proper signage as required by Utah law.[10]

On April 2, 2025, Amazon terminated Tarasov based on his second safety violation.[11] Tarasov alleges the safety violation was a pretextual justification to terminate Tarasov for his age and national origin.[12] At the time, Tarasov was 71 years old and among the oldest employees at the warehouse.[13] Tarasov is of Russian national origin and speaks limited English.[14] Younger employees and employees not of Russian decent engaged in similar conduct without being terminated or receiving comparable disciplinary action.[15]

---

[5] *Id.* ¶ 14.
[6] *Id.* ¶ 15.
[7] *Id.* ¶¶ 15–16.
[8] *Id.* ¶ 17.
[9] *Id.* ¶ 19.
[10] *Id.* ¶ 18.
[11] *Id.* ¶ 17.
[12] *See id.* ¶¶ 30, 33, 36.
[13] *Id.* ¶¶ 3, 28.
[14] *Id.* ¶¶ 8, 20.
[15] *Id.* ¶ 21.

On April 29, 2025, Tarasov filed an employment discrimination charge with the U.S. Equal Employment Opportunity Commission (EEOC).[16] The Charge identified two bases for Amazon's discrimination: age and disability.[17] The Charge does not identify Tarasov's national origin or his language abilities.[18] On April 29, 2025, the EEOC issued Tarasov a Notice of Right to Sue.[19] On July 28, 2025, Tarasov filed the Complaint against Amazon asserting violations of (1) the Age Discrimination Employment Act (ADEA), (2) Title VII of the Civil Rights Act, and (3) the Utah Antidiscrimination Act (UADA).[20] On September 20, 2025, Amazon moved to dismiss to Complaint.[21] The Motion is fully briefed and ripe for review.[22]

## LEGAL STANDARD

To survive a motion to dismiss, the plaintiff must "nudge" the "claims across the line from conceivable to plausible."[23] "In ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining factual allegations, if assumed to be true, plausibly suggest the defendant is liable."[24] A claim is plausible when the factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[25] "Detailed factual allegations" are not required, but "a formulaic

---

[16] *Id.* ¶ 11; *see also Charge*.

[17] *Charge* at 2.

[18] *See id.* at 2–3.

[19] *Complaint* ¶ 12.

[20] *Id.* ¶¶ 27–40.

[21] *Motion*.

[22] *Opposition*; Dkt. 23, *Defendant's Reply in Support of Its Motion to Dismiss Plaintiff's Complaint* (*Reply*).

[23] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[24] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (citation modified); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679–81 (2009); *Waller v. City & Cnty. of Denv.*, 932 F.3d 1277, 1282 (10th Cir. 2019).

[25] *Iqbal*, 556 U.S. at 678 (citation modified).

recitation of the elements of a cause of action will not do."[26]  Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[27]

## ANALYSIS

### I. The National Origin Claim Is Dismissed for Failure to Exhaust Administrative Remedies.

Amazon first argues Tarasov's Title VII national origin discrimination claim fails because he did not exhaust administrative remedies.[28]  The court agrees.

Title VII requires employees to exhaust their administrative remedies by filing a charge with the EEOC.[29]  "[E]ach discrete incident of discriminatory or retaliatory treatment constitutes its own unlawful employment practice for which administrative remedies must be exhausted."[30]  A "plaintiff's claim in court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC."[31]  "[T]he reasonable and likely scope of the investigation is determined by the allegations contained in the Charge itself, rather than in the Charge and any responsive documents."[32]  "While [the court] liberally construe[s] the plaintiff's allegations in the EEOC charge, the charge must contain facts concerning the discriminatory and retaliatory actions

---

[26] *Twombly*, 550 U.S. at 555 (citation modified).

[27] *Iqbal*, 556 U.S. at 679.

[28] *Motion* at 5–6.

[29] 42 U.S.C. § 2000e-5(e)(1); *see also Sanderson v. Wyo. Highway Patrol*, 976 F.3d 1164, 1170 (10th Cir. 2020).

[30] *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1181 (10th Cir. 2018) (citation modified) (quoting *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003)).

[31] *Smith v. Cheyenne Ret. Invs. L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018) (internal quotation marks and citation omitted); *see also Sanderson*, 976 F.3d at 1170 ("A plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter." (quoting *Lincoln*, 900 F.3d at 1181)).

[32] *Sanderson*, 976 F.3d at 1170 (quoting *Cheyenne Ret. Invs. L.P.*, 904 F.3d at 1164).

underlying each claim."[33]  Charges provide space for claimants to indicate each protected ground that was the alleged basis of the employer's discrimination.[34]  Failing to indicate a particular ground "creates a presumption that a claimant is not making a claim on that ground."[35]  A plaintiff may rebut this presumption if the charge's narrative statement "clearly set[s] forth" the additional discrimination basis.[36]

Here, the national original claim does not fall within the scope of the Charge.  Tarasov did not check the box for national original discrimination nor discuss his national origin in the Charge's narrative section.[37]  Tarasov identified the protected grounds for discrimination as "Age" and "Disability."[38]  The narrative then provides that Tarasov was 71 years old and had informed Amazon of his disability.[39]  It also states, "I have been discriminated against due to my age" and "in violation of the Americans with Disabilities Act."[40]  Nowhere does the charge provide Tarasov's Russian national origin or language abilities.

---

[33] *Cheyenne Ret. Invs. L.P.*, 904 F.3d at 1164 (citation modified) (internal quotation marks and citation omitted); *see also Jones v. United Parcel Serv., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007), *overruled on other grounds by*, *Lincoln*, 900 F.3d at 1185–86.

[34] *See, e.g.*, *United Parcel Serv.*, 502 F.3d at 1186–87; *Charge*.

[35] *Asebedo v. Kan. State Univ.*, 559 F. App'x 668, 672 (10th Cir. 2014) (citing *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1260 (10th Cir. 1998)); *see also United Parcel Serv.*, 502 F.3d at 1186.

[36] *Gunnell*, 152 F.3d at 1260 ("Although her failure to mark the box for sex discrimination is not dispositive, it certainly creates a presumption that she was not asserting claims represented by boxes not checked.  Here, that presumption was not rebutted by the text of her claim because the prose she used to describe her claim did not clearly set forth a sexual discrimination claim." (cleaned up)); *see also United Parcel Serv.*, 502 F.3d at 1186 (plaintiff did not check the "disability" discrimination box on the charge but the presumption was overcome by factual allegations that "should have triggered an inquiry into whether [the employer] viewed [the employee] as disabled"); *Lare v. Supreme Maint. Inc.*, No. 1:22-cv-00007-WJ, 2022 WL 13821774, at *5 (D.N.M. Oct. 21, 2022) (dismissing national origin discrimination claim when "nothing in Plaintiff's EEOC charge suggests he intended to bring claims against [the employer] for discrimination based on national origin"); *Dirkse v. Alticast Inc.*, No. 14-cv-02224-RM-NYW, 2015 WL 6125311, at *10 (D. Colo. July 6, 2015) (dismissing sex discrimination claim because the charge fails to mention claimant's sex and described the discrimination "in terms of nationality . . . as opposed to gender").

[37] *See Charge*.

[38] *Id* at 2.

[39] *Id.* at 3.

[40] *Id.*

Tarasov argues the court should nevertheless allow the national origin claim to proceed because "the record consists only of the skeletal Charge . . . not the EEOC's investigative file. . . . Whether the EEOC in fact pursued that line of inquiry can only be confirmed once the investigative record is obtained in discovery."[41]  But this argument ignores the standard.  While the court liberally construes the charge, the court must determine the scope of the suit by looking "*only* to the Charge itself."[42]  The court may not consider the investigative file.  Because the Charge describes the discrimination as based on Tarasov's age and disability, it cannot be construed to include a national origin claim.  Accordingly, the court dismisses Tarasov's Title VII claim.

## II.     The UADA Claim Is Dismissed for Lack of a Private Right of Action.

Amazon argues the UADA claim must be dismissed for lack of a private right of action.[43]  Tarasov agrees, conceding "Utah law does not authorize a private lawsuit for employment discrimination under the UADA."[44]  Accordingly, the court dismisses the UADA claim.

## III.    The Complaint States a Claim for Relief Under the ADEA.

Under the ADEA, it is "unlawful for an employer . . . to discharge any individual . . . because of such individual's age."[45]  At this stage, plaintiffs do not need to establish a prima facie case to state a claim for relief, but courts consider the ADEA elements to determine

---

[41] *Opposition* at 10–11.

[42] *Sanderson*, 976 F.3d at 1171 ("[T]o determine the claim before the EEOC, one looks *only* to the Charge itself." (emphasis in original)).

[43] *Motion* at 7 (citing *Buckner v. Kennard*, 99 P.3d 842, 852 (Utah 2004)).

[44] *Opposition* at 14.

[45] 29 U.S.C. § 623(a)(1); *see also Novotny v. OSL Retail Servs. Corp.*, No. 22-8062, 2023 WL 3914017, at *3 (10th Cir. June 9, 2023) ("The ADEA prohibits employers from 'discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.'" (citation modified) (quoting 29 U.S.C. § 623(a)(1))).

whether the claim is plausible.[46]  A prima facie age discrimination claim requires the plaintiff establish (1) the employee is a member of the protected class;[47] (2) but for his age, the employee suffered an adverse employment action;[48] (3) the employee was qualified for the position at issue; and (4) he was treated less favorably that similarly situated employees who were substantially younger.[49]  Amazon argues the Complaint fails to plausibly plead the second, third, and fourth elements.[50]  The court considers and rejects each argument in turn.

  A. *The Complaint Plausibly Pleads Age Was a But-For Cause of Tarasov's Termination.*

  Amazon argues the Complaint fails to plausibly allege age was a but-for cause of his termination.[51]  The court disagrees.  To state a claim for relief under the ADEA, a plaintiff must allege that age was a but-for cause of their termination.[52]  Age is a but-for cause even when other factors contributed to the termination "so long as age was the factor that made a difference."[53]  Amazon faults Tarasov for not showing "Defendant terminated Plaintiff's employment *because of*" or "based on" his age.[54]  But Tarasov's factual allegations support that inference.  The Complaint alleges: after more than five years of employment, Amazon terminated Tarasov on April 2, 2024 for speeding in the company parking lot; Tarasov was 71 years old at the time;

---

[46] *Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1054 (10th Cir. 2020) (citing *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012)).

[47] *Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1279 (10th Cir. 2010).  ADEA protections apply to workers who are at least forty years old.  29 U.S.C. § 631(a); *Frappied*, 966 F.3d at 1050.

[48] *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009); *see also Okla. City Pub. Schs.*, 617 F.3d at 1279.

[49] *Okla. City Pub. Schs.*, 617 F.3d at 1279; *see also O'Connor v. Consol Coin Caterers Corp.*, 517 U.S. 308, 312–13 (1996) (imposing the "substantially younger" requirement).

[50] *Motion* at 8–11.

[51] *Id.* at 10; *Reply* at 8.

[52] *Cline v. Clinical Perfusion Sys., Inc.*, 92 F.4th 926, 934 (10th Cir. 2024) (citing *Gross*, 557 U.S. at 177).

[53] *Okla. City Pub. Schs.*, 617 F.3d at 1277 (citation modified); *see also Markley v. U.S. Bank Nat'l Ass'n*, 59 F.4th 1072, 1080–81 (10th Cir. 2023) ("A plaintiff suing under the ADEA must prove that the challenged employment action was motivated, at least in part, by age." (citation modified)).

[54] *Motion* at 10; *Reply* at 8.

younger employees exited the lot in a similar manner but were not terminated; and the safety violations were a pretextual justification to remove him for being an older employee.[55] As Amazon recognizes, the pleading standard does not require Tarasov to say any magic "but-for" phrase.[56] Instead, at this stage, the allegations need only to give rise to the reasonable inference that age impermissibly caused Tarasov's termination. These allegations specifically state the circumstances of his termination and permit the inference that Tarasov's age was a but-for cause of his termination.

### B. The Complaint Plausibly Pleads that Tarasov Was Qualified for His Position.

Amazon briefly argues the Complaint fails to allege Tarasov "was qualified to perform his job, an essential element of an age discrimination claim."[57] The court disagrees. Tarasov alleges: Amazon employed him for more than five years; during that time, he had a clean record without safety violations or disciplinary infractions; and he was terminated only after a traffic violation in the parking lot.[58] Employment for over five years with a clean record is a substantial time that permits the inference that Tarasov was qualified for his position. His termination further supports this inference since it was unrelated to his ability to fulfil his job duties in the warehouse. The Complaint plausibly states Tarasov was qualified for his job.

### C. The Complaint Plausibly States Tarasov Was Treated Less Favorably Than Similarly Situated Employees Who Were Substantially Younger.

Amazon argues Tarasov fails to plausibly allege whether the other employees were substantially younger and similarly situated to him.[59] This argument is unpersuasive. The

---

[55] *See Complaint* ¶¶ 3, 17, 19, 21, 28, 30.

[56] *Reply* at 8.

[57] *Motion* at 9.

[58] *See Complaint* ¶¶ 13, 14, 17.

[59] *Motion* at 9 ("As is essential under the ADEA, Plaintiff failed to provide alleged details of the ages, or even general age range, and identities of the employees who Amazon allegedly treated more favorably."); *Reply* at 7.

Complaint alleges Tarasov was 71 years old and among the oldest employees working at Amazon's warehouse.[60] Age discrimination protects employees over the age of forty years old.[61] It is reasonable to infer at this stage that the younger employees referred to in the Complaint are substantially younger than 71 years old.

Amazon also argues Tarasov fails to plausibly plead these younger employees were similarly situated because he does not allege their ages or identities.[62] However, that is not required at the pleading stage, and Amazon's heavy reliance on cases applying the heightened summary judgment standard is misguided.[63] The summary judgment standard requires the plaintiff to establish through competent evidence similarly situated employees who dealt with the same supervisor, were subjected to the same work standards, and engaged in the same conduct.[64] But at the pleading stage, the Complaint must only put forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face,"[65] and the court may look to the prima facie elements to determine whether Tarasov meets this threshold.[66]

---

[60] *Complaint* ¶ 28.

[61] *See Frappied*, 966 F.3d at 1050.

[62] *Motion* at 9.

[63] *Id.* (citing *Riggs v. AirTran Airways, Inc.*, 497 F.3d 1108, 1116–17 (10th Cir. 2007) (plaintiff must show that employee "was treated differently from other similarly-situated employees who violated work rules of comparable seriousness" at the summary judgment stage)); *Reply* at 7 (citing *MacKenzie v. City & Cnty. of Denv.*, 414 F.3d 1266, 1277 (10th Cir. 2005) (at summary judgment, plaintiff must show employee "was treated differently than similarly-situated non-protected employees for the same or similar conduct")). In fact, the only case Amazon relies on for this argument that applies the pleading standard is *Cox v. Cache County*. *Motion* at 9 (citing 18 F. Supp. 3d 1251, 1267 (D. Utah 2014)). But *Cox* is inapplicable because the court there considered a class-of-one equal protection challenge—not an ADEA claim. *Cox*, 18 F. Supp. 3d at 1264–68.

[64] *MacKenzie*, 414 F.3d at 1277; *see also Riggs*, 497 F.3d at 1116–17.

[65] *Iqbal*, 556 U.S. at 678 (citation modified).

[66] *Khalik*, 671 F.3d at 1192 ("While the 12(b)(6) standard does not require that [a plaintiff] establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

The Complaint provides sufficient factual allegations to plausibly state the younger employees were similarly situated. Tarasov alleges "younger employees . . . engaged in similar conduct without receiving comparable disciplinary action."[67] This allegation follows specific conduct that Tarasov engaged in: responding to a paint spill by turning off the conveyor and removing unaffected packages, and exceeding the parking lot speeding limit.[68] And while Tarasov faced termination, these younger employees did not.[69] The court finds this sufficient to state a plausible claim for relief. Tarasov need not further specify the identities, ages, and actions of his coworkers at the pleading stage.[70] The allegations in the Complaint support a reasonable inference that Tarasov is similarly situated to the younger employees.

Tarasov has satisfied his pleading burden: the factual allegations construed in Tarasov's favor nudge the ADEA claim from conceivable to plausible. Accordingly, Claim I states a plausible age discrimination claim.

## CONCLUSION

For the reasons explained above, Amazon's Motion is GRANTED IN PART and DENIED IN PART.[71] The Motion is GRANTED with respect to Claims II and III: the Title VII and UADA claims are hereby DISMISSED. The Motion is DENIED with respect to Claim I: the ADEA claim survives.

---

[67] *Complaint* ¶ 21.

[68] *Id.* ¶¶ 15, 17, 19.

[69] *See id.* ¶¶ 17, 21.

[70] *See, e.g.*, *Scribner v. Durango Coca-Cola Bottling Co.*, No. 23-cv-01263-NYW-KAS, 2023 WL 7003492, *5 (D. Colo. Oct. 24, 2023) ("Any failure to specifically identify the name, age, or experience level of Plaintiff's replacement, prior to discovery, does not render Plaintiff's age discrimination claim implausible.").

[71] Dkt. 20.

SO ORDERED this 12th day of November, 2025.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge